1 | Cheryl Johnson-Hartwell, (SBN 221063)
E-mail: cjohnson-hartwell@bwslaw.com
2 | Mitchell A. Wrosch, (SBN 262230)
E-mail: mwrosch@bwslaw.com
3 | BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
4 | Los Angeles, CA 90071-2953
Tel: 213.236.0600; Fax: 213.236.2700
5 |
Attorneys for Defendant
6 | WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MEMORY MURO,

          Plaintiff,

    v.

WAL-MART STORES, INC.; and
DOES 1-10, inclusive,

          Defendants.

Case No. 5:15-CV-02066-VAP (SPx)

**STIPULATED PROTECTIVE ORDER[1]**

## 1.   A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth

---

[1] Paragraphs 7 and 10 have been modified from the Court's Sample Stipulated Protective Order.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1  in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

2  file confidential information under seal; Civil Local Rule 79-5 sets forth the

3  procedures that must be followed and the standards that will be applied when a

4  party seeks permission from the court to file material under seal.

5

6          B.      GOOD CAUSE STATEMENT

7          This action is likely to involve commercial, financial, and/or proprietary

8  information for which special protection from public disclosure and from use for

9  any purpose other than prosecution of this action is warranted. Such confidential

10  and proprietary materials and information consist of, among other things,

11  confidential business or financial information, information regarding confidential

12  business practices, or other confidential commercial information (including

13  information implicating privacy rights of third parties), information otherwise

14  generally unavailable to the public, or which may be privileged or otherwise

15  protected from disclosure under state or federal statutes, court rules, case decisions,

16  or common law. Accordingly, to expedite the flow of information, to facilitate the

17  prompt resolution of disputes over confidentiality of discovery materials, to

18  adequately protect information the parties are entitled to keep confidential, to

19  ensure that the parties are permitted reasonable necessary uses of such material in

20  preparation for and in the conduct of trial, to address their handling at the end of the

21  litigation, and serve the ends of justice, a protective order for such information is

22  justified in this matter. It is the intent of the parties that information will not be

23  designated as confidential for tactical reasons and that nothing be so designated

24  without a good faith belief that it has been maintained in a confidential, non-public

25  manner, and there is good cause why it should not be part of the public record of

26  this case.

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

2.     DEFINITIONS

2.1     Action: refers to the Complaint for Damages filed by Plaintiffs against WAL-MART on September 2, 2015 in the Superior Court of California, County of San Bernardino, Case No. CIVDS1512681, and subsequently removed to the United States District Court for the Central District of California, Case No. 5:15-CV-02066-KK.

2.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or

1     other legal entity not named as a Party to this action.

2          2.10   Outside Counsel of Record: attorneys who are not employees of a

3     party to this Action but are retained to represent or advise a party to this Action and

4     have appeared in this Action on behalf of that party or are affiliated with a law firm

5     which has appeared on behalf of that party, and includes support staff.

6          2.11   Party: any party to this Action, including all of its officers, directors,

7     employees, consultants, retained experts, and Outside Counsel of Record (and their

8     support staffs).

9          2.12   Producing Party: a Party or Non-Party that produces Disclosure or

10    Discovery Material in this Action.

11         2.13   Professional Vendors: persons or entities that provide litigation

12    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

13    demonstrations, and organizing, storing, or retrieving data in any form or medium)

14    and their employees and subcontractors.

15         2.14   Protected Material: any Disclosure or Discovery Material that is

16    designated as "CONFIDENTIAL."

17         2.15   Receiving Party: a Party that receives Disclosure or Discovery

18    Material from a Producing Party.

19

20    3.     SCOPE

21         The protections conferred by this Stipulation and Order cover not only

22    Protected Material (as defined above), but also (1) any information copied or

23    extracted from Protected Material; (2) all copies, excerpts, summaries, or

24    compilations of Protected Material; and (3) any testimony, conversations, or

25    presentations by Parties or their Counsel that might reveal Protected Material.

26         Any use of Protected Material at trial shall be governed by the orders of the

27    trial judge. This Order does not govern the use of Protected Material at trial.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -                STIPULATED PROTECTIVE ORDER

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

1   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

2   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

3   under this Order must be clearly so designated before the material is disclosed or

4   produced.

5        Designation in conformity with this Order requires:

6        (a)    for information in documentary form (e.g., paper or electronic

7   documents, but excluding transcripts of depositions or other pretrial or trial

8   proceedings), that the Producing Party affix at a minimum, the legend

9   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

10  contains protected material. If only a portion or portions of the material on a page

11  qualifies for protection, the Producing Party also must clearly identify the protected

12  portion(s) (e.g., by making appropriate markings in the margins).

13       A Party or Non-Party that makes original documents available for inspection

14  need not designate them for protection until after the inspecting Party has indicated

15  which documents it would like copied and produced. During the inspection and

16  before the designation, all of the material made available for inspection shall be

17  deemed "CONFIDENTIAL." After the inspecting Party has identified the

18  documents it wants copied and produced, the Producing Party must determine

19  which documents, or portions thereof, qualify for protection under this Order. Then,

20  before producing the specified documents, the Producing Party must affix the

21  "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

22  portion or portions of the material on a page qualifies for protection, the Producing

23  Party also must clearly identify the protected portion(s) (e.g., by making

24  appropriate markings in the margins).

25       (b)    for testimony given in depositions that the Designating Party identify

26  the Disclosure or Discovery Material on the record, before the close of the

27  deposition all protected testimony.

28       (c)    for information produced in some form other than documentary and

1  for any other tangible items, that the Producing Party affix in a prominent place on

2  the exterior of the container or containers in which the information is stored the

3  legend "CONFIDENTIAL." If only a portion or portions of the information

4  warrants protection, the Producing Party, to the extent practicable, shall identify the

5  protected portion(s).

6      5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

7  failure to designate qualified information or items does not, standing alone, waive

8  the Designating Party's right to secure protection under this Order for such

9  material. Upon timely correction of a designation, the Receiving Party must make

10  reasonable efforts to assure that the material is treated in accordance with the

11  provisions of this Order.

12

13      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

14      6.1    Timing of Challenges. Any Party or Non-Party may challenge a

15  designation of confidentiality at any time that is consistent with the Court's

16  Scheduling Order.

17      6.2    Meet and Confer. The Challenging Party shall initiate the dispute

18  resolution process under Local Rule 37.1 et seq.

19      6.3    The burden of persuasion in any such challenge proceeding shall be on

20  the Designating Party. Frivolous challenges, and those made for an improper

21  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

22  parties) may expose the Challenging Party to sanctions. Unless the Designating

23  Party has waived or withdrawn the confidentiality designation, all parties shall

24  continue to afford the material in question the level of protection to which it is

25  entitled under the Producing Party's designation until the Court rules on the

26  challenge.

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -                STIPULATED PROTECTIVE ORDER

1    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

2        7.1    Basic Principles.  A receiving party may use designated material only

3   for this litigation.  Designated material may be disclosed only to the categories of

4   persons and under the conditions described in this Order.

5        7.2    Disclosure of CONFIDENTIAL Material Without Further Approval.

6   Unless otherwise ordered by the Court or permitted in writing by the designator, a

7   receiving party may disclose any material designated CONFIDENTIAL only to:

8        (a)    The receiving party's outside counsel of record in this action and

9   employees of outside counsel of record to whom disclosure is reasonably necessary;

10        (b)    The officers, directors, and employees of the receiving party to whom

11   disclosure is reasonably necessary, and who have signed the Agreement to Be

12   Bound (Exhibit E-1);

13        (c)    Experts retained by the receiving party's outside counsel of record to

14   whom disclosure is reasonably necessary, and who have signed the Agreement to

15   Be Bound (Exhibit E-1);

16        (d)    The Court and its personnel;

17        (e)    Outside court reporters and their staff, professional jury or trial

18   consultants, and professional vendors to whom disclosure is reasonably necessary,

19   and who have signed the Agreement to Be Bound (Exhibit E-1);

20        (f)    During their depositions, witnesses in the action to whom disclosure is

21   reasonably necessary and who have signed the Agreement to Be Bound (Exhibit E-

22   1). However, the receiving party only has a duty to request that the witness sign the

23   Agreement to be Bound in good faith. If the witness refuses to sign the Agreement

24   to be Bound the witness may still view and give testimony on the confidential

25   material but may not keep any copies of the confidential material; and

26        (g)    The author or recipient of a document containing the material, or a

27   custodian or other person who otherwise possessed or knew the information.

28        7.3    Disclosure of HIGHLY CONFIDENTIAL — ATTORNEY EYES

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -                    STIPULATED PROTECTIVE ORDER

1  ONLY and HIGHLY CONFIDENTIAL — SOURCE CODE Material Without

2  Further Approval.  Unless permitted in writing by the designator, a receiving party

3  may disclose material designated HIGHLY CONFIDENTIAL — ATTORNEY

4  EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE without further

5  approval only to:

6      (a)    The receiving party's outside counsel of record in this action and

7  employees of outside counsel of record to whom it is reasonably necessary to

8  disclose the information;

9      (b)    The Court and its personnel;

10      (c)    Outside court reporters and their staff, professional jury or trial

11  consultants, and professional vendors to whom disclosure is reasonably necessary,

12  and who have signed the Agreement to Be Bound (Exhibit E-1); and

13      (d)    The author or recipient of a document containing the material, or a

14  custodian or other person who otherwise possessed or knew the information.

15      (e)    Memory Muro, if she has signed the Agreement to Be Bound (Exhibit

16  E-1);

17      7.4    Procedures for Approving or Objecting to Disclosure of HIGHLY

18  CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL

19  — SOURCE CODE Material to In-House Counsel or Experts.  Unless agreed to in

20  writing by the designator:

21      (a)    A party seeking to disclose to in-house counsel any material

22  designated HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY must first

23  make a written request to the designator providing the full name of the in-house

24  counsel, the city and state of such counsel's residence, and such counsel's current

25  and reasonably foreseeable future primary job duties and responsibilities in

26  sufficient detail to determine present or potential involvement in any competitive

27  decision-making.  In-house counsel are not authorized to receive material

28  designated HIGHLY CONFIDENTIAL — SOURCE CODE.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -    STIPULATED PROTECTIVE ORDER

(b)     A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL — ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL — SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations. This request may be e-mailed to the counsel of record for the designating party.

(c)     A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert as soon as the disclosure described in 7.4(b) is e-mailed to the counsel of record of the designating party. However, if within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection the expert must cease all review of the confidential material at issue. Except, if 30 days have passed since the disclosure

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -                    STIPULATED PROTECTIVE ORDER

1    described in 7.4(b) was emailed and the designator has not yet filed a motion or ex-

2    parte application for a protective order to limit the expert's review of the materials.

3         All objections from the designator shall proceed under Local Rule 37-1

4    through Local Rule 37-4.

5

6       8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

7                    <u>PRODUCED IN OTHER LITIGATION</u>

8         If a Party is served with a subpoena or a court order issued in other litigation

9    that compels disclosure of any information or items designated in this Action as

10   "CONFIDENTIAL," that Party must:

11      (a)    promptly notify in writing the Designating Party. Such notification

12   shall include a copy of the subpoena or court order;

13      (b)    promptly notify in writing the party who caused the subpoena or order

14   to issue in the other litigation that some or all of the material covered by the

15   subpoena or order is subject to this Protective Order. Such notification shall include

16   a copy of this Stipulated Protective Order; and

17      (c)    cooperate with respect to all reasonable procedures sought to be

18   pursued by the Designating Party whose Protected Material may be affected.

19        If the Designating Party timely seeks a protective order, the Party served with

20   the subpoena or court order shall not produce any information designated in this

21   action as "CONFIDENTIAL" before a determination by the court from which the

22   subpoena or order issued, unless the Party has obtained the Designating Party's

23   permission. The Designating Party shall bear the burden and expense of seeking

24   protection in that court of its confidential material and nothing in these provisions

25   should be construed as authorizing or encouraging a Receiving Party in this Action

26   to disobey a lawful directive from another court.

27

28

1    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

2          PRODUCED IN THIS LITIGATION

3    (a)    The terms of this Order are applicable to information produced by a

4  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

5  produced by Non-Parties in connection with this litigation is protected by the

6  remedies and relief provided by this Order. Nothing in these provisions should be

7  construed as prohibiting a Non-Party from seeking additional protections.

8    (b)    In the event that a Party is required, by a valid discovery request, to

9  produce a Non-Party's confidential information in its possession, and the Party is

10 subject to an agreement with the Non-Party not to produce the Non-Party's

11 confidential information, then the Party shall:

12         (1)    promptly notify in writing the Requesting Party and the Non-

13 Party that some or all of the information requested is subject to a confidentiality

14 agreement with a Non-Party;

15         (2)    promptly provide the Non-Party with a copy of the Stipulated

16 Protective Order in this Action, the relevant discovery request(s), and a reasonably

17 specific description of the information requested; and

18         (3)    make the information requested available for inspection by the

19 Non-Party, if requested.

20   (c)    If the Non-Party fails to seek a protective order from this court within

21 14 days of receiving the notice and accompanying information, the Receiving Party

22 may produce the Non-Party's confidential information responsive to the discovery

23 request. If the Non-Party timely seeks a protective order, the Receiving Party shall

24 not produce any information in its possession or control that is subject to the

25 confidentiality agreement with the Non-Party before a determination by the court.

26 Absent a court order to the contrary, the Non-Party shall bear the burden and

27 expense of seeking protection in this court of its Protected Material.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -          STIPULATED PROTECTIVE ORDER

1   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2          The inadvertent production by any of the undersigned Parties or non-Parties

3   to the Proceedings of any Document, Testimony or Information during discovery in

4   this Proceeding without a "Confidential" designation, shall be without prejudice to

5   any claim that such item is "Confidential" and such Party shall not be held to have

6   waived any rights by such inadvertent production. In the event that any Document,

7   Testimony or Information that is subject to a "Confidential" designation is

8   inadvertently produced without such designation, the Party that inadvertently

9   produced the Document shall give written notice of such inadvertent production

10  within twenty-one (21) days of discovery of the inadvertent production, together

11  with a further copy of the subject Document, Testimony or Information designated

12  as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such

13  Inadvertent Production Notice, the Party that received the inadvertently produced

14  Document, Testimony or Information shall promptly destroy the inadvertently

15  produced Document, Testimony or Information and all copies thereof, or, at the

16  expense of the producing Party, return such together with all copies of such

17  Document, Testimony or Information to counsel for the producing Party and shall

18  retain only the "Confidential" designated Materials. Should the receiving Party

19  choose to destroy such inadvertently produced Document, Testimony or

20  Information, the receiving Party shall notify the producing Party in writing of such

21  destruction within ten (10) days of receipt of written notice of the inadvertent

22  production. This provision is not intended to apply to any inadvertent production of

23  any Information protected by attorney-client or work product privileges. In the

24  event that this provision conflicts with any applicable law regarding waiver of

25  confidentiality through the inadvertent production of Documents, Testimony or

26  Information, such law shall govern.

27          The disclosure or production of any Documents subject to a legally

28  recognized claim of privilege (including, without limitation, the attorney-client

1   privilege, work-product doctrine, or other applicable privilege) shall be protected

2   and excluded from argument from any party that:

3       a.      the disclosure was not inadvertent by the Producing Party;

4       b.      the Producing Party did not take reasonable steps to prevent the

5   disclosure of privileged Documents;

6       c.      the Producing Party did not take reasonable or timely steps to rectify

7   such Disclosure; and/or

8       d.      such disclosure acts as a waiver of applicable privileges or protections

9   associated with such Documents.

10

11   11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12           PROTECTED MATERIAL

13       When a Producing Party gives notice to Receiving Parties that certain

14   inadvertently produced material is subject to a claim of privilege or other

15   protection, the obligations of the Receiving Parties are those set forth in Federal

16   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

17   whatever procedure may be established in an e-discovery order that provides for

18   production without prior privilege review. Pursuant to Federal Rule of Evidence

19   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

20   of a communication or information covered by the attorney-client privilege or work

21   product protection, the parties may incorporate their agreement in the stipulated

22   protective order submitted to the court.

23

24   12.   MISCELLANEOUS

25       12.1   Right to Further Relief. Nothing in this Order abridges the right of any

26   person to seek its modification by the Court in the future.

27       12.2   Right to Assert Other Objections. By stipulating to the entry of this

28   Protective Order no Party waives any right it otherwise would have to object to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -                STIPULATED PROTECTIVE ORDER

1  disclosing or producing any information or item on any ground not addressed in

2  this Stipulated Protective Order. Similarly, no Party waives any right to object on

3  any ground to use in evidence of any of the material covered by this Protective

4  Order.

5      12.3   Filing Protected Material. A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rule 79-5. Protected Material

7  may only be filed under seal pursuant to a court order authorizing the sealing of the

8  specific Protected Material at issue. If a Party's request to file Protected Material

9  under seal is denied by the court, then the Receiving Party may file the information

10 in the public record unless otherwise instructed by the court.

11

12     13.    FINAL DISPOSITION

13     After the final disposition of this Action, as defined in paragraph 4, within 60

14 days of a written request by the Designating Party, each Receiving Party must

15 return all Protected Material to the Producing Party or destroy such material. As

16 used in this subdivision, "all Protected Material" includes all copies, abstracts,

17 compilations, summaries, and any other format reproducing or capturing any of the

18 Protected Material. Whether the Protected Material is returned or destroyed, the

19 Receiving Party must submit a written certification to the Producing Party (and, if

20 not the same person or entity, to the Designating Party) by the 60 day deadline that

21 (1) identifies (by category, where appropriate) all the Protected Material that was

22 returned or destroyed and (2)affirms that the Receiving Party has not retained any

23 copies, abstracts, compilations, summaries or any other format reproducing or

24 capturing any of the Protected Material. Notwithstanding this provision, Counsel

25 are entitled to retain an archival copy of all pleadings, motion papers, trial,

26 deposition, and hearing transcripts, legal memoranda, correspondence, deposition

27 and trial exhibits, expert reports, attorney work product, and consultant and expert

28 work product, even if such materials contain Protected Material. Any such archival

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -                    STIPULATED PROTECTIVE ORDER

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 29, 2016

/s/ Michael A. Carlin_____
Attorneys for Plaintiff

DATED: January  29, 2015

/s/ Mitchell A. Wrosch_____
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February 19, 2016

_____
Honorable Sheri Pym
United States Magistrate Judge

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATED PROTECTIVE ORDER

EXHIBIT E-1

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *Memory Muro v. Wal-Mart Stores, Inc.*, Case No. 5:15-CV-

02066-KK**.** I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print

or type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____